## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

In re

PHILLIP K. WALLACE,

                    Debtor

_____

PHILLIP K. WALLACE,

                    Appellant,           Case No.  3:04cv00294/RV

          v.                                (Bk.  No.  04-30057-WSS)

ARTHUR RUTENBERG HOMES, INC.,

                    Appellee

_____/

## MEMORANDUM OPINION

This matter comes before this Court on appeal from the Bankruptcy Unit of this Court.  On July 12, 2004, the bankruptcy court granted creditor Arthur Rutenberg Homes, Inc. relief from automatic stay for the purpose of liquidating its claim against debtor Phillip K. Wallace in separate litigation in Tampa, Florida.  Wallace appeals the bankruptcy court's decision to this Court pursuant to Title 28, United States Code, Section 158(a). (Doc. 9). Also before this Court is a motion to strike (Doc. 12) filed by Arthur Rutenberg Homes, Inc.

### I.    BACKGROUND

Appellee Arthur Rutenberg Homes, Inc. ("ARH") filed a breach of contract complaint on July 3, 2002, against Appellant Phillip K. Wallace and his business associate, Lowery W. Smith, in the United States District Court for the Middle District of Florida, Tampa Division ("district court action.")  The breach of contract case was based on a franchise agreement which ARH entered into with Wallace and Smith,

granting a home building franchise to be located in Baton Rouge, Louisiana.  ARH alleges that Wallace and Smith failed to pay to ARH some of the fees due under the franchise agreement.  The breach of contract case was also based on the fact that three home buyers sued ARH, as well as the building company, alleging defective construction.  ARH alleged that Wallace and Smith failed to defend and indemnify ARH from these lawsuits, despite their obligation to do so under the franchise agreement.

On September 15, 2003, ARH filed a motion for partial summary judgment in the district court action with respect to the issue of Wallace's and Smith's liability to ARH.  Wallace filed a brief in response to ARH's summary judgment motion and argued against the motion at a hearing held before the district court on December 11, 2003.  In preparation for the hearing, a substantial amount of discovery was conducted in the district court action.  However, prior to any ruling on the summary judgment motion, Appellant filed this Chapter 11 bankruptcy case on January 12, 2004.  As a result, on January 16, 2004, the District Court in Tampa entered a Section 362 stay, which took judicial notice of the Appellant's bankruptcy case, but continued with respect to Smith.   Almost immediately thereafter, on January 20, 2004, the district court granted partial summary judgment as to liability against Smith, and scheduled a trial on the merits with respect to damages for February 23, 2004.

On the first day of trial, Smith and his counsel met with ARH's counsel and agreed to settle the contract dispute for the amount of $1,200,000.00.  As a result, a stipulated consent judgment in the amount of $1,200,000.00 was entered.  The district court then ordered the case closed and terminated all pending motions, retaining jurisdiction for sixty days, or until April 23, 2004.

On the date the final consent judgment was entered, ARH also filed a proof of claim for $1.2 million in this bankruptcy case against Appellant.   Appellant then filed an objection to ARH's proof of claim, asserting that the claim should have either been disallowed in its entirety or estimated by the bankruptcy court in accordance with Title

11, United States Code, Section 502(c).[1]  Appellant argued that ARH's proof of claim merged into the unsatisfied judgment against Smith entered in the district court action. ARH responded to the Appellant's objection to the proof of claim by filing a motion for relief from stay, in order to allow ARH to proceed in the district court action to liquidate its claim against Appellant.   ARH's motion for relief from the stay and the Appellant's objection to the claim of ARH was brought on for hearing via telephone conference by the bankruptcy court on June 23, 2004, at which time the issues were taken under advisement.  On July 12, 2004, the bankruptcy court granted ARH's motion for relief from stay, and Appellant now appeals the bankruptcy court's decision pursuant to Title 28, United States Code, Section 158(a).

On appeal, Appellant contends that the bankruptcy court erred in lifting the stay and also erred in declining to estimate ARH's unliquidated claim pursuant Section 502(c).  In response, ARH moves to strike Appellant's argument regarding estimation, reasoning that it is not a proper subject on appeal as the bankruptcy court did not enter an order regarding the estimation of ARH's claim.

## II.   STANDARD OF REVIEW

A district court must accept a bankruptcy judge's findings of fact unless they are clearly erroneous.  In re Bush, 62 F.3d 1319, 1322 (11th Cir. 1995). The court reviews the bankruptcy judge's conclusions of law *de novo*.  Id.  When determining whether the bankruptcy court's factual findings are clearly erroneous, a reviewing court must ask whether "on the entire evidence" it is "left with the definite and firm

---

[1] Title 11, United States Code 502(c) provides:
"There shall be estimated for purpose of allowance under this section--
(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
(2) any right to payment arising from a right to an equitable remedy for breach of performance"

conviction that a mistake has been committed."  <u>United States v. United States</u> <u>Gypsum Co.</u>, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

**III.   ANALYSIS**

 A.   <u>Relief from Automatic Stay</u>

 Title 11, United States Code, Section 362(a) provides that a petition for bankruptcy operates as an automatic stay of actions taken to recover a claim against the debtor that arose before the bankruptcy case.  However, Section 362(d) of the Bankruptcy Code provides that a bankruptcy court may grant relief from the automatic stay for "cause." 11 U.S. C. §362(d)(1); <u>See</u> <u>also</u> <u>Overhead Door Corp. v. Allstar Bldg.</u> <u>Products, Inc.</u>, 834 F.2d 898, 900 (11th Cir. 1987).  The party seeking relief from the automatic stay carries the initial burden of establishing cause for relief.  11 U.S.C. §362(g); <u>In re Cummings</u>, 221 B.R. 814, 819 (Bankr. N.D. Ala. 1998); <u>In re Tricare</u> <u>Rehabilitation Syst., Inc.</u>, 181 B.R. 569, 575 (Bankr. N.D. Ala. 1994).  Once the party seeking relief establishes a prima facie case of cause, the burden shifts to the debtor to prove prejudice to the debtor or the bankruptcy estate if the stay was lifted. <u>See</u> <u>In re Cummings</u>, <u>supra</u>, 221 B.R. at 819.

 Because the Bankruptcy Code does not define the term "cause", discretion to lift an automatic stay for "cause" is vested in the bankruptcy court, to be determined on a case-by-case basis, examining the totality of the circumstances.  <u>See</u> <u>Baldino v.</u> <u>Wilson</u>, 116 F.3d 87, 90 (3d Cir. 1997); <u>In re Aloisi</u>, 261 B.R. 504 (Bankr. M.D. Fla. 2001); <u>In re Robertson</u>, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000); <u>In re Paxson Elec.</u> <u>Co.</u>, 242 B.R. 67, 70-71 (Bankr. M.D. Fla. 1999).   The legislative history of this provision explains,

> "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere . . . A desire to permit an action to proceed to completion in another tribunal may provide another cause."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297.

Thus, "cause" may exist for lifting a stay when the equities favor allowing a pending lawsuit to proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim upon which the lawsuit is premised. See In re Marvin Johnson's Auto Service, Inc., 192 B.R. 1008 (Bankr. N.D. Ala. 1996)(citing In re Wood, 548 F.2d 216 (8th Cir. 1977);  See e.g., Broadhurst v. Streamtronics Corp., 48 B.R. 801 (D. Conn. 1985); In re Tricare, supra, 181 B.R. at 572-73. In determining whether a stay should be lifted for "cause", a bankruptcy court should balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate. In re Aloisi, supra, 261 B.R. at 508; In re Paxson, supra, 242 B.R. at 70; In re Marvin Johnson's Auto Service, Inc., supra, 192 B.R. at 1014; In re Tricare, supra, 181 B.R. at 572-73.

Several factors have been used for consideration of whether a stay should be lifted to allow a claim to be liquidated in another forum.  Generally, these factors include: (1) whether the other litigation has progressed to trial readiness; (2) whether judicial economy favors the continuation of the action in another forum to fix and liquidate the claim; (3) whether the cost of defense will impose a serious financial burden to the estate or prejudice the interests of other creditors; (4) whether there are preliminary bankruptcy issues that must be resolved, and (5) whether the creditor has a probability of success on the merits. See In re Cummings, supra, 221 B.R. at 818-19;  In re Tricare, supra, 191 B.R. at 574 (citing In re Johnson, 115 B.R. 634 (Bankr. D. Minn. 1989) and In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984)); See also In re Marvin Johnson's Auto Service, Inc., supra, 192 B.R. at 1014.[2]

---

[2] Not all of the factors must be present in order for relief to be granted, and a court need not give equal weight to each particular factor. See In re Bison Resources,

A review of the bankruptcy judge's order reveals that the bankruptcy court considered these factors in determining whether to lift the stay.  First, the bankruptcy judge determined that the district court action had progressed to trial readiness.  It based this determination, in part, on the fact that the district court action with respect to Appellant's co-defendant went to trial only a few weeks after Appellant filed this bankruptcy case.  Appellant argues that the bankruptcy court's finding that the district court action was trial ready was clearly erroneous because the district court ordered the case to be closed and all motions terminated after entering a consent judgment against Smith.  However, as the bankruptcy judge noted, the district court specifically acknowledged that the action was stayed as to Appellant.  Therefore, the action could not proceed as to Appellant.

Further, the bankruptcy judge concluded that judicial economy favors lifting the stay to allow the creditor's claim to be liquidated in the district court action.  The bankruptcy judge found that significant preparations had already occurred by both the creditor and debtor in the district court action.   For instance, both parties had already briefed and argued a summary judgment motion before the district court, and a significant amount of discovery had already been completed in preparation for the summary judgment hearing.  Additionally, the bankruptcy judge found that most of the witnesses and documents related to the contract dispute are located in Tampa, Florida.  See e.g., In re Aloisi, supra, 261 B.R. at 508 (listing location of the witnesses, documents, and other necessary parties as a factor to consider in determining whether to lift a stay).  Therefore, as noted by the bankruptcy judge, the district court is familiar with the facts and law regarding ARH's claim against Appellant and can conduct a trial of the case more expeditiously than can the bankruptcy court.

Also included in the judicial economy analysis is a consideration of which court

---

Inc., 230 B.R. 611 (N.D. Olka. 1999)

may be better suited to fully determine the issues involved in the case because of specialized knowledge or experience.  In re Tricare, supra, 181 B.R. at 574.  In a case involving primarily issues of state law, such as ARH's contract dispute, it has generally been recognized that a determination of the issues will not require the expertise of the bankruptcy judge.  Id.  Here, the bankruptcy judge specifically found that ARH's claim does not involve special issues of bankruptcy law.  Accordingly, this contract dispute is within the scope of both the bankruptcy court and the district court's expertise.

However, in determining which court may be more appropriate, a bankruptcy court may also consider whether the  court where litigation is pending is familiar with the allegations, parties, positions, and precise issues involved in the case.  See Id. (noting that the district court is in the best posture to provide a relatively quick and complete consideration of all the issues among all parties to the case while fully according to each, constitutional rights to due process and trial by jury).  Here, the bankruptcy judge noted that the district court may be better suited to liquidate the claim against Appellant based on the district court's familiarity with the facts and legal issues involved in the case.  Moreover, the bankruptcy court found it significant that in light of Appellant's complex objection to the proof of claim, including res judicata, collateral estoppel, and merger, the district court was in the best position to determine the legal effect of the entry of the judgment against Appellant's co-defendant Smith. Based upon these factors, the bankruptcy judge did not clearly err in determining that judicial economy weighed in favor of lifting the stay to allow ARH to liquidate its claim in the district court action.

A court must also consider whether any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit.  In re South Oakes Furniture, Inc., 167 B.R. 307 (Bankr. M.D. Ga. 1994)(citing In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986); See also H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977)(stating that it would be appropriate to permit proceedings to

continue in another forum, "when no great prejudice to the bankruptcy estate would result . . .")  In this respect, Appellant argues that the cost of defense will impose a serious financial burden on the estate.    In re Cummings, supra, 221 B.R. at 819, the Court recognized that one of the purposes of the Bankruptcy Code's authorization of exclusive jurisdiction was "to prevent creditors from taking advantage of impecunious debtors who are unable to retain counsel to defend themselves in state court lawsuits, actions that would negate the 'fresh start' that a discharge is designed to provide." Id. However, the courts which have denied a motion for relief from the stay on the basis of the financial burden to the debtor have done so only after finding that the debtor would be completely unable to afford to defend the case in another forum or at least to mount any serious defense.  See e.g., In re Cummings, supra, 221 B.R. at 822 (finding that since the debtor would be unable to mount any serious defense, a default judgment may be entered against her by the state court); In re Aloisi, supra, 261 B.R. at 508 (finding that debtor "does not have any available funds to defend the District  Court Action," and she would most likely lose her home, as a result).  On the other hand, courts have generally held that while the cost of defense is a factor to consider, that factor, standing alone, is an insufficient reason to deny relief from the automatic stay.  In re Bison Resources, Inc., 230 B.R. 611, 617 (N.D. Okla. 1999); In re Marvin Johnson's Auto Service, Inc., supra, 192 B.R. at 1016);  In re Tricare, supra, 181 B.R. at 575.

In this case, both parties concede that Appellant would incur greater costs in defending the district court action than if the case were to proceed only in the bankruptcy court.  However, the bankruptcy judge considered the cost to Appellant of proceeding with the litigation in the district court action, but ultimately concluded that this factor alone does not outweigh the advantages of having the district court liquidate ARH's claim.  Further, the bankruptcy judge noted that if Appellant is successful with the theories of merger and collateral estoppel, the litigation costs

would not be substantial.  Moreover, courts generally hold that a debtor's estate is properly protected by the requirement that the creditor may only seek enforcement of any judgment through filing a proof of claim in the bankruptcy court.  See Broadhurst v. Streamtronics Corp., supra, 48 B.R. at 803; In re South Oakes Furniture, Inc., supra, 167 B.R. at 309.[3]  Here, the bankruptcy court held that ARH should take no action to collect any judgment which may be rendered in the district court action without seeking further relief from the bankruptcy court.

Appellant also argues that the continuation of the trial in the district court will cause the debtor's estate prejudice because it will interfere with the progress of the bankruptcy case.  However, Appellant objected to ARH's proof of claim in the bankruptcy case on the basis of the judgment against Smith in the district court action, arguing collateral estoppel, res judicata, and merger.  Accordingly, whether ARH proceeds by liquidating its claim in the district court action or by succeeding in its proof of claim in the bankruptcy court, a determination must be made as to the extent, if any, of Appellant's liability to ARH, including a consideration of Appellant's defenses based on the judgment against Smith.  The bankruptcy judge found that between the competing courts, the district court can more expeditiously try the case and resolve the issue presented not only in the district court action, but also in the bankruptcy case with respect to ARH's proof of claim.  Therefore, while the district court action may temporarily interfere with the bankruptcy proceedings, an expeditious resolution to ARH's claim against the estate would (but for this appeal) ultimately result in a quicker resolution of the bankruptcy case as well.

Finally,  a bankruptcy court should consider whether the party requesting to continue litigation in another forum has demonstrated a probability of success on the

---

[3] Therefore, ARH would have no advantage over other creditors of the estate.

merits of the case.[4]  Here, the bankruptcy court noted that Appellant had established a probability of success on the merits.  Specifically, the fact that the district court entered summary judgment as to liability against Appellant's co-defendant indicates that ARH has a probability of success on the merits of its claim against Appellant.

The decision of whether to lift an automatic stay lies within the sound discretion of the bankruptcy court, and may be reversed only upon a showing of abuse of discretion.  In re Patterson, 967 F.2d 505, 509 (11th Cir. 1992);   In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1026 (11th Cir. 1989).  Based on the foregoing analysis, the record plainly demonstrates that the bankruptcy court did not abuse its discretion in lifting the stay under Section 362(d) of the Bankruptcy Code to allow ARH to liquidate its claim against Appellant in the district court action.  The factors considered by the bankruptcy court were sufficient to support its decision, and the bankruptcy court's findings of fact were not clearly erroneous.

B.    Motion to Strike

Appellant also argues on appeal that the bankruptcy court erred in failing to estimate ARH's claim pursuant to Title 11, United States Codes, Section 502(c).  ARH moves to strike Appellant's argument with respect to estimation, contending that it is not a proper issue on appeal as the bankruptcy court did not issue an order regarding Appellant's estimation request.  Instead, the bankruptcy order presently on appeal is the order that granted ARH's motion for relief from the automatic stay.  Appellant contends, however, that at the time the bankruptcy court considered ARH's motion for relief from stay, the bankruptcy court also had before it Appellant's objection to ARH's proof of claim in accordance with Section 502.  Thus, the bankruptcy court had a choice of lifting the stay to allow the claim to be liquidated in

---

[4] A court is not required to consider whether the moving party will prevail in its claim.  See In re South Oakes Furniture, Inc., 167 B.R. 307, 310 (Bankr. M.D. Ga. 1994).

the district court or estimating the claim in accordance with Section 502(c).  Appellant contends that since the bankruptcy court granted ARH's motion to lift the stay, it constructively denied Appellant's motion to disallow the claim or estimate the claim pursuant to Section 502.

Having determined that the bankruptcy court did not err in lifting the stay, there is no basis for this court to consider Appellant's argument for estimating ARH's claim. Further, Appellant's objection to ARH's proof of claim submitted to the bankruptcy court is not a proper issue on appeal because the bankruptcy court did not address Appellant's arguments for collateral estoppel, merger, or res judicata, or any other argument concerning Appellant's estimation request.  Instead, the bankruptcy court simply chose to lift the stay in order to provide the district court with an opportunity to decide those issues.  Therefore, ARH's motion to strike is GRANTED.

## III.    CONCLUSION

For the foregoing reasons, I conclude that the bankruptcy court did not clearly err in granting Arthur Rutenberg Homes, Inc., relief from the stay. Accordingly, the decision of the bankruptcy court is AFFIRMED.  Further, Arthur Rutenberg Homes' Motion to Strike (Doc. 11) is GRANTED.

DONE AND ORDERED this 30th of June, 2005.


/s/ *Roger Vinson*

**ROGER VINSON**
**Senior United States District Judge**

Case No.: 3:04-cv-00294/RV-MD